IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

APRIL COFFMAN,

    Plaintiff,

v.

M.G. CREDIT, INC.

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, APRIL COFFMAN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, M.G. CREDIT, INC., ("Defendant") or ("M.G.") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. In or around early August 2010, Defendant's collector's telephoned Plaintiff at her place of employment and left a phone message.

11. Plaintiff returned the Defendant's phone call immediately and informed Defendant's collectors that she was not permitted to receive personal phone calls such as this under any circumstances and specifically instructed Defendant not to contact her at work.

12. Despite the Plaintiff's unequivocal statements, Defendant continued to contact Plaintiff at work.

13. On or about August 12, 2010, Defendant's collector contacted Plaintiff at her place of employment and, when she refused to speak about the substance of the underlying alleged debt, Defendant's collector became belligerent with Plaintiff and shouted, "That's okay. We'll just sue you and put this on your credit report!"

14. Defendant's conduct as described in paragraph 13 herein further constitutes a threat to report false information on Plaintiff's credit report.

15. Defendant did leave multiple recorded voice messages for Plaintiff that did not inform Plaintiff that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

16. Defendant did leave multiple recorded voice messages for Plaintiff that did not inform her of the name of the Defendant's collection agency.

17. Defendant failed to provide Plaintiff with any writing whatsoever tending to advise her of right to dispute the alleged debt, or any portion thereof, within the required statutory time frame, or advising her of her right to timely demand validation of same.

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21. Defendant violated 15 U.S.C. § 1692c(a)(1)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff and violated the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT II**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that could not be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

27. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

29. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

31. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST M.G.

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

33. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably be expected to abuse or harass the Plaintiff.

34. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, APRIL COFFMAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST M.G.

35.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

36.    Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by asserting the existence of a legal right with the knowledge that the right did not exist.

37.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, APRIL COFFMAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

38.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 20th day of October, 2010.

          Respectfully submitted,
          **APRIL COFFMAN**

          By: <u>s/ Alex D. Weisberg</u>
          ALEX D. WEISBERG
          FBN: 0566551
          WEISBERG & MEYERS, LLC
          ATTORNEYS FOR PLAINTIFF
          5722 S. Flamingo Rd, Ste. 656
          Cooper City, FL 33330
          (954) 212-2184
          (866) 577-0963 fax
          aweisberg@attorneysforconsumers.com